IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CHOICE BANK, LTD.** <br><br> **Plaintiff,** <br><br> vs. <br><br> **BANCREDITO INTERNATIONAL BANK CORPORATION** <br><br> **Defendant** | Civil No. 18-1288 (FAB) <br><br><br> RE: BREACH OF CONTRACT, DAMAGES, DECLARATORY JUDGMENT, INJUNCTION AND ATTORNEY'S FEES |

**MOTION TO DISMISS COUNTERCLAIM UNDER FRCP 12(B)(3), REQUEST TO WITHDRAW CONSIGNED FUNDS AND REQUEST FOR ORDER TO TURN OVER CHOICE BANK FINANCIAL'S FUNDS TO THE LIQUIDATOR**

**TO THE HONORABLE COURT:**

**COMES NOW**, Cedric D. Flowers, as Liquidator of Plaintiff Choice Bank Ltd ("CBL") and respectfully states, alleges, and prays as follows:

(1) On July 19, 2018, the appearing party filed a motion titled *Cedric Flowers' Omnibus Motion As Liquidator Of Choice Bank, Ltd. And Consented Request For Temporary Stay*. See Docket No. 48. In it, Liquidator requested the Court to enter an Order substituting him as the sole Plaintiff in this case pursuant to Fed.R.Civ.P. 25(c) and deeming said motion as Plaintiff's Response to the Court's Order at Docket No. 43. Further, the Liquidator asked for, with Defendant's consent, a fifteen (15) day stay of the case to allow the parties to finalize a potential settlement agreement and submit the corresponding pleadings and documentation to the Court (including a provision for the transfer of CBL's funds deposited with the Court by Defendant).

(2) The aforementioned request was granted and the parties were given until today to submit the corresponding pleadings to the Court. See Docket No. 48. However, the parties have yet to reach a final settlement.

### A. Motion to Dismiss under FRCP 12(b)(3)

(3) Section 109(13)(c)-(e) of the Belize Domestic Banks and Financial Institutions Act ("DBFIA") establishes that all claims against CBL are stayed during its liquidation.[1] As in any liquidation process, the stay is issued to protect debtor's assets, resolve all claims against debtor and develop a schedule of payments of creditors' claims in accordance with the priorities established by law.

(4) Morover, and to enable the Liquidator to faithfully and thoroughly liquidate and develop a schedule of payment of creditors' claims, Sections 109(15) and 112 of DBFIA require all creditors to file their claims against CBL within CBL's liquidation procedure.[2] This

---

[1] Sections 109(13)(c)-(e) of DBFIA state:

    (13) As of the date of appointment of a liquidator: …
        (c) all legal proceedings against the licensee are stayed and the exercise of any right on the licensee's assets shall be suspended;
        (d) no right can be exerted over assets during the licensee's liquidation, except rights given to liquidator;
        (e) no creditor may attach, sell or take possession of any assets of the licensee as a means of enforcing his claim or initiate or continue any legal proceeding to recover the debt or perfect security interests in the licensee's assets;

[2] Section 109(15) of DBFIA states:

    (15) The procedures for determination of the validity of claims and for liquidation of licensee assets and return of licensee customers' property shall be prescribed by the Central Bank; provided however that the sale of licensee's assets shall be accomplished in a transparent and commercially reasonable manner.

is akin to any liquidation process for any corporation under the U.S. Bankruptcy Code or for any financial institution through the Federal Deposit Insurance Corporation (FDIC).

(5) Therefore, the Counterclaim must be dismissed pursuant to FRCP 12(b)(3). All claims against CBL and its subsidiaries are stayed as a result of CBL's liquidation process. The proper forum for Defendant's claims is before CBL's liquidation procedure.

**B. Request to Withdraw Funds and Order for Consignment**

(6) On the other hand, the Liquidator's intent is to recoup all of CBL's assets held in bank accounts with Defendant for the benefit of all CBL's customers and creditors, as part of the Liquidator's responsibilities under CBL's liquidation process.

(7) Defendant has already consigned in Court the monies it held on CBL accounts pursuant to the Court's Order at Docket No. 43 when CBL was representing itself. However, Defendant failed to consign Choice Financial International's ("CFI") funds, even though it had

---

Section 112 of DBFIA states, in its pertinent parts:

> 112. (1) Not later than ninety days after the last day specified in the notice for filing claims against a licensee being compulsorily wound-up, the liquidator shall:-
> (a)   reject any claim of which it doubts the validity;
> (b)   determine the amount, if any, owing to each known depositor or other creditor, and the priority of his claim under this Act;
> (c)   prepare for filing with the Central Bank a schedule of the actions proposed to be taken for the purpose of the compulsory winding-up of the licensee;
> (d)   notify each person whose claim is allowed in full; and
> (e)   publish, once a week for three consecutive weeks, in the Gazette and in a newspaper of general circulation in Belize:-…

previously enclosed copies of checks to the Court corresponding to CFI's account for future consignment. See Docket No. 41-2.

(8) CFI is a wholly owned subsidiary of CBL. As such, the Liquidator, as appointed liquidator of CBL, has full control over all CFI's assets and its disposition. See Docket No. 41-5, citing to Section 109 of DBFIA. Therefore, the funds deposited in CFI's former account with Defendant should have been deposited in Court, as per the Liquidator's request on July 10, 2018 and the Court's Order at Docket No. 43.

(9) Defendant had already provided the Court with copies of cashier's checks corresponding to the funds deposited by CBL **and CFI** with Defendant. These consisted of two checks totaling $6,832,749.47 and $5,893,711.33, corresponding to CBL's funds and one check totaling $1,642,200.00 corresponding to CBI's funds. See copies of the checks at Docket No. 41-2. Therefore, Defendant should have deposited CFI's funds in Court pursuant to the Court's order at Docket No. 43 and 47.

**WHEREFORE,** the Liquidator respectfully requests that the Court: (i) enter an Order dismissing the Counterclaim; (ii) enter an Order against Defendant to turnover CFI's funds to the Liquidator; and (iii) enter an Order allowing Liquidator to withdraw CBL's funds from the Court.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of August, 2018.

**I HEREBY CERTIFY:** That on this date a true and exact copy of the foregoing document has been filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of the filing to all parties of interest.

                                      **PIETRANTONI MENDEZ & ALVAREZ LLC**
Popular Center, 19th Fl.
208 Ponce De León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470

s/ HERMAN G. COLBERG GUERRA
Herman G. Colberg Guerra
USDC No. 212511
hcolberg@pmalaw.com


s/ JASON R. AGUILO SURO
Jason R. Aguiló Suro
USDC No. 227311
jaguilo@pmalaw.com

5