IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CEDRIC FLOWERS AS LIQUIDATOR OF CHOICE BANK, LTD., <br><br>**Plaintiff**, <br><br>v. <br><br>BANCRÉDITO INTERNATIONAL BANK CORPORATION, <br><br>**Defendant.** | **Civil No.** 18-1288 (FAB) |
| BANCRÉDITO INTERNATIONAL BANK CORPORATION, <br><br>**Interpleader-Plaintiff**, <br><br>v. <br><br>CEDRIC FLOWERS AS LIQUIDATOR OF CHOICE BANK, LTD.; CHOICE FINANCIAL INTERNATIONAL, LLC, <br><br>**Interpleader**-**Defendants**. | |

**OPINION AND ORDER**

BESOSA, District Judge.

Plaintiff Cedric Flowers as Liquidator of Choice Bank Ltd. (hereinafter, "Flowers" or "Choice Bank") has filed six motions requesting the following relief: a preliminary injunction to withdraw funds held by defendant Bancrédito International Bank Corporation ("Bancrédito"), dismissal for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), withdrawal of funds deposited in an account belonging to Choice Financial

International ("Choice Financial"), dismissal of the interpleader complaint, and that the Court deem the motions to withdraw funds as unopposed. (Docket Nos. 4, 55, 63, 69, 71 and 72.) Bancrédito moves for an order to show cause as to why this action should not be dismissed for failure to join an indispensable party pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19. (Docket No. 41.) For the reasons set forth below, the Court **GRANTS** Flowers' motion to withdraw funds from the accounts belonging to Choice Bank and Choice Financial. (Docket No. 55.) The remaining motions filed by Choice Bank and Bancrédito are **MOOT**. (Docket No. 4, 41, 63, 69, 71 and 72.) Bancrédito's motion requesting an order to show cause is also **MOOT**. (Docket No. 41.)

**I. Discussion**

This litigation concerns two direct deposit accounts at Bancrédito, each held separately by Choice Bank and Choice Financial in the amounts of $12,726,460.80 and $1,642,200.00, respectively. (Docket No. 44 at p. 1; Docket No. 59 at p. 2.) After six months of motion practice, the parties concur that the funds in both accounts are subject to the control of Choice Bank's liquidator.

**A. The Choice Bank Funds**

Choice Bank is an international banking corporation organized pursuant to the laws of Belize. (Docket No. 1 at p. 3.)

Bancrédito is a corporation organized pursuant to the laws of the Commonwealth of Puerto Rico, providing correspondent bank services to foreign financial institutions. Id. at pp. 3 and 6.

On December 20, 2017, Choice Bank and Bancrédito entered into an Institutional Services Agreement and a Correspondent Bank Agreement (hereinafter, "Choice Bank agreements"). Id. at p 6. Pursuant to the Choice Bank agreements, Bancrédito agreed to "hold [Choice Bank's] funds on deposit and return those funds upon demand." Id. In response to an unforeseen liquidity crisis, Choice Bank repeatedly instructed Bancrédito to transfer $6 million and €5 million in March and April of 2018. Id. at pp. 6-9. Bancrédito refused to do so. Id.

On April 11, 2018, Bancrédito provided notice of "its intention to close Choice Bank's correspondent bank account." (Docket No. 1, Ex. 4 at p. 43.) The Choice Bank agreements provide that:

> [Bancrédito] may close [Choice Bank's account] at any time at its sole discretion, by sending the collected balance of funds therein to [Choice Bank] within a period determined by [Bancrédito] (not to exceed ninety (90) days) after [Bancrédito] gives notice of its intent to close the account . . . [Choice Bank] agrees and acknowledges that as a condition to the closing of an Account, [Bancrédito] may require [Choice Bank] to execute an Account Closure Form; in its discretion, conduct such due diligence procedures as [Bancrédito] determines are appropriate and necessary.

(Docket No. 1, Ex. 4 at p. 3.)  Accordingly, Bancrédito had until July 10, 2018 to transfer the balance of funds in Choice Bank's account.

On May 11, 2018, Choice Bank commenced this litigation, setting forth a single cause of action for breach of contract pursuant to the Puerto Rico Civil Code.  Id.; citing P.R. Laws Ann. tit. 31, § 2994.[1]  Choice Bank also moved for a preliminary injunction, requesting that the Court enjoin Bancrédito "from any longer retaining, holding or in any way interfering with the funds found or deposited [in Choice Bank's] account."  (Docket No. 4 at p. 22.)  Without access to the funds held by Bancrédito, Choice Bank faced "imminent danger of economic ruin."  Id. at p. 1.  The Court set a preliminary injunction hearing for June 24, 2018.  (Docket No. 31.)  In the interim, Bancrédito asserted two counterclaims against Choice Bank for the collection of monies and breach of contract.  (Docket No. 29.)

### 1.  Liquidator Cedric Flowers

Prior to the July 10, 2018 deadline, Bancrédito requested that Choice Bank identify and provide documentation regarding the individual or entity authorized to receive the

---

[1] Choice Bank invokes this Court's diversity jurisdiction, alleging complete diversity of citizenship among the parties, and that the amount in controversy exceeds $75,000.  Docket No. 1 at p. 5; citing 28 U.S.C. § 1332.  The Court is satisfied that, based on the allegations set forth in the complaint, diversity jurisdiction exists in this civil action.

balance of funds in its account. (Docket No. 41 at p. 2.) Choice bank failed to provide Bancrédito with this information. Id. On the final day of the deadline, Flowers contacted Bancrédito in his capacity as Choice Bank's liquidator. Id. at p. 3. Flowers provided Bancrédito with documents establishing that the Central Bank of Belize had revoked Choice Bank's Unrestricted Class "A" International Banking License on June 29, 2018. Id. Flowers asserted "full power and authority to perform the functions of liquidator for [Choice Bank] with the legal rights and duties as such under the laws of Belize." Id. Accordingly, Flowers requested that Bancrédito transfer the balance of Choice Bank's deposited funds to him. Id.

Bancrédito moved for an order to show cause as to why this action should not be dismissed for failure to name Flowers, purportedly an indispensable party. (Docket No. 41.) The Court set aside the preliminary injunction hearing pending resolution of the issues raised by Bancrédito. (Docket No. 43.) Bancrédito deposited the balance of Choice Bank's account with the Clerk of the Court, an amount totaling $12,726,460.80. (Dockets Nos. 43—45, 51 and 54.)

On July 17, 2018, the Court granted Flowers' motion to substitute Choice Bank as party-plaintiff pursuant to Federal Rule of Civil Procedure 25. (Docket No. 49.) Flowers moved to

dismiss the counterclaims raised by Bancrédito for improper venue, contending that "the proper forum for Defendant's claims is before [Choice Bank's] liquidation procedure" in Belize. (Docket No. 55 at p. 3.) Alternatively, Flowers requested access to the funds deposited with the Clerk of the Court. Id.

**B.  The Choice Financial Funds**

Three months after Choice Bank filed the complaint, Flowers alleged for the first time that Bancrédito "failed to consign Choice Financial International's ("CFI") funds." (Docket No. 55 at p. 3.) Flowers claimed that Choice Financial "is a wholly owned subsidiary of [Choice Bank]." Id. As Choice Bank's liquidator, Flowers argued, he "ha[d] full control over all [of Choice Financials'] assets and its disposition." Id. at p. 4.

In 2017, Choice Financial and Bancrédito entered into an Institutional Services Agreement and Correspondent Agreement (hereinafter, "Choice Financial agreements"). (Docket No. 59 at p. 2.) Choice Financial deposited $3,500,000 in its account at Bancrédito. (Docket No. 59, Ex. 4 at p. 1.) On April 11, 2018, Bancrédito notified Choice Financial of its intention to close its account, initiating a due diligence and compliance review. Id. The Choice Financial agreements provide that Bancrédito:

> May close any or all Account(s) of [Choice Financial] at any time by giving written notice to [Choice Financial] of such intention . . . [Bancrédito] shall, at its sole discretion, either wire transfer or mail a check to [Choice Financial] for the balance, if any, of funds in deposit in the Account.

(Docket No. 59, Ex. 4 at p. 2.) Bancrédito had until July 10, 2018 to return the balance of deposited funds. (Docket No. 59 at p. 4.) Bancrédito requested that Choice Financial identify and provide documentation regarding the individual or entity authorized to receive the balance of funds in its account. Id. at p. 5. Choice Financial failed to provide Bancrédito with this information. Id.

### 1. Complaint for Interpleader

Choice Financial and Flowers presented competing and adverse claims to the funds in Choice Financial's account at Bancrédito. On July 10, 2018, Flowers contacted Bancrédito in his capacity as Choice Bank's liquidator and asserted ownership of all remaining funds in Choice Financial's account. (Docket No. 59 at p. 7.) The Central Bank of Belize provided Bancrédito with a letter confirming that Flowers is Choice Bank's liquidator. (Docket No. 41, Ex. 5.) Although the letter referenced "on-going litigation with Choice Bank Limited and Choice Financial International," the Central Bank of Belize "made no mention of

[Flowers'] purported authority over [Choice Financial]." (Docket No. 41, Ex. 5 at p. 2; Docket No. 59 at p. 7.)

Choice Financial subsequently informed Bancrédito that Choice Bank and Choice Financial are two separate legal entities, and that Bancrédito "is not authorized to pay the balances in [Choice Financial's] account to Choice Bank, Choice Bank's Liquidator or any other third party." (Docket No. 59 at p. 8.)

Faced with competing claims over the remaining $1,642,200.00 in Choice Financial's account, Bancrédito filed a complaint for interpleader against Flowers and Choice Financial. (Docket No. 59.) Bancrédito denied any "interest over the Balance of Deposited Funds, and . . . simply sought to comply with its obligation to release said funds to the rightful owner." Id. at p. 2.

**C.   Choice Bank Controls and Operates Choice Financial**

Flowers established that Choice Financial is controlled and operated by Choice Bank, negating Choice Financial's competing claim over the $1,642,200.00. (Docket No. 62.) On August 15, 2018, Flowers removed Choice Financial's directors and appointed himself as the sole director. (Docket No. 69, Ex. 2.) Indeed, the Puerto Rico Office of the Commissioner of Financial Institutions ("OFCI") confirmed that Choice Financial is a "wholly

owned subsidiary of [Choice Bank]."[2]  (Docket No. 69, Ex. 3 at p. 1.)  The OFCI had:

> no objection to the appointment of [Flowers] as the sole Director of [Choice Financial] for the interim period during which [Choice Bank] continues its possession of the proprietary interests in [Choice Financial] and until such a time as [Choice Financial] is either sold or liquidated.

Id. at p. 2.  Flowers reiterated his request to withdraw Choice Bank's funds and that Bancrédito transfer the funds from Choice Financials' account.  (Docket Nos. 63 and 69.)  Flowers also moved to dismiss Bancrédito's complaint for interpleader, because Choice Bank and Choice Financial "are not adverse and do not have conflicting claims."  (Docket No. 71 at p. 2.)

Tellingly, Bancrédito refrained from opposing Flowers' motions to withdraw funds and to dismiss the complaint for interpleader.  Flowers requested that the Court deem these motions as unopposed.  (Docket No. 72.)  Bancrédito responded only that Flowers "is not entitled to any [accrued] interests in this case." (Docket No. 73 at p. 2.)  Flowers subsequently withdrew his request for "any interests that could have accrued over [Choice Financial's] Funds and limit[ed] its request . . . to the interests accrued over [Choice Bank's] Funds since its consignment, as they

---

[2] The Court adopts the Spanish acronym for the Office of the Commissioner of Financial Institutions, referred to as the Oficina del Comisionado de Instituciones Financieras.

have been deposited in an interest-bearing account, pursuant to Local Rule 67(b)." (Docket No. 76 at p. 2.)

Flowers is entitled to the funds deposited in Choice Bank and Choice Financial's accounts. Choice Bank failed to overcome the liquidity crisis referred to in its motion for a preliminary injunction, prompting the Bank of Belize to revoke its banking license and to appoint Flowers as liquidator. See Docket No. 4. The Court is satisfied that Choice Financial is subject to Flowers' control as Choice Bank's liquidator. Accordingly, the Clerk of the Court will disburse the following amount that was deposited into an interest-bearing account to Cedric D. Flowers: $12,726,460.80. The Court **ORDERS** Bancrédito to transfer the $1,642,200.00 in Choice Financial's account to Cedric D. Flowers in his capacity as Choice Bank's liquidator.

The causes of action set forth by Choice Bank and Bancrédito are dismissed. The United States Constitution grants jurisdiction to federal courts to adjudicate live cases or controversies. U.S. CONST., art. III, § 2, cl. 1. The case or controversy must exist at all stages of litigation and when circumstances change removing any possibility of the Court providing effective relief, "the case or controversy is no longer justiciable." See Matos v. Clinton Sch. Dist., 367 F.3d 68, 71-72 (1st Cir. 2004) (dismissing claim for injunction to reinstate

student from school suspension as moot because student had already served the full suspension); <u>Horizon v. Bank & Trust Co. v. Mass.</u>, 391 F.3d 48, 51 (1st Cir. 2004) ("Because the Commonwealth has not contested the distribution of funds, no case or controversy remains as required by Article III of the United States Constitution and we hold that the appeal must be dismissed as moot."). This litigation centered exclusively on the withdrawal of funds deposited in two accounts at Bancrédito. Because these funds are no longer in controversy, the complaint, counterclaims and complaint for interpleader are **DISMISSED**. (Docket Nos. 1, 29 and 59.)

**III. Conclusion**

For the reasons set forth above, Flowers' motion to withdraw the balance of funds deposited in Choice Bank and Choice Financial's accounts is **GRANTED**. (Docket No. 55.) The Clerk of the Court will disburse the following amount that was deposited into an interest-bearing account to Cedric D. Flowers: $12,726,460.80, plus earned interest. The Court **ORDERS** Bancrédito to transfer the $1,642,200.00 in Choice Financial's account to Cedric D. Flowers, in his capacity as Choice Bank's liquidator. The remaining motions filed by Choice Bank are **MOOT**. (Docket Nos. 4, 63, 69, 71 and 72.) Bancrédito's motion requesting an order to show cause is also **MOOT**. (Docket No. 41.) The complaint,

counterclaims, and complaint for interpleader are **DIMISSED WITH PREJUDICE**.  (Docket Nos. 1, 29 and 59.)

Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, November 6, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
